Jeanne L. Zimmer (SBN: 123321)
ZimmerJ@cmtlaw.com
J. Grace Felipe (SBN: 190893)
Felipeg@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARUSO,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RECOVERY AGENCY,<br>A professional consumer debt collection agency, doing business in California, DOES 1 through 10 inclusively,<br><br>    Defendants. | Case No.: 16-CV-1679-BAS-WVG<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed Concurrently with Request For Judicial Notice]<br><br>Date: November 28, 2016<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Hon. Cynthia Bashant<br>United States District Court Judge |

**TO PLAINTIFF RICHARD CARUSO, IN *PRO SE*:**

    **PLEASE TAKE NOTICE** that on November 28, 2016, or as soon thereafter as this matter may be heard, in Courtroom 4B of the above-entitled Court, located at 221 West Broadway, Suite 4145, San Diego, California 92101, Defendant NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY ("NRA") will, and hereby does, move for judgment on the pleadings pursuant to *Federal Rule of Civil Procedure* 12(c). This Motion is made on the grounds that Plaintiff filed and dismissed an earlier Complaint against NRA for the same claims in the same court, ***with prejudice***. The doctrine of *res judicata* prohibits a second suit between the same

parties on the same claims. Therefore, Plaintiff's subsequent lawsuit is barred and his claims against NRA are precluded as a matter of law.

This Motion will be based on this Notice of Motion and Motion, The Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice, and the pleadings and papers filed herein. NRA is in compliance with No. 4A in the Standing Order for Civil Cases for the Hon. Cynthia Bashant. This motion is exempt from the meet-and-confer requirement prior to filing this noticed Motion because Plaintiff is appearing *pro se* and is not an attorney. Nonetheless, prior to filing, defense counsel contacted Plaintiff *pro se* and discussed the substance of this motion verbally and in writing, on October 18, 2016.

DATED: October 20, 2016     CARLSON & MESSER LLP

By: /s/ J. Grace Felipe
Jeanne L. Zimmer
J. Grace Felipe
Attorneys for Defendant,
NRA GROUP, LLC d/b/a
NATIONAL RECOVERY
AGENCY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff in *pro se*, RICHARD CARUSO ("Plaintiff") filed two identical lawsuits against Defendant NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY (hereinafter "NRA") in the United States District Court – Southern District of California, within the span of four months. Both lawsuits allege violations of the Telephone Consumer Protection Act, 47, U.S.C. §§ 227 *et seq.* ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), California Consumer Credit Reporting Agencies Act, *Civil Code* §§ 1785 *et seq.* ("CCRAA") and California Rosenthal Fair Debt Collection Practices Act, *Civil Code* §§ 1788 *et seq.* (the "Rosenthal Act"). Plaintiff dismissed his initial lawsuit against NRA with prejudice. NRA now seeks judgment on the pleadings on Plaintiff's subsequent Complaint on the grounds that he is precluded from bringing the same claims against NRA in this court.

## II. STATEMENT OF FACTS

In the past seven months, Plaintiff filed various complaints in the United States District Court – Southern District of California asserting claims under the TCPA, FDCPA and other consumer statutes (*Richard Caruso v. Encore Capital Group, et al.*, Case No. 3:16-cv-00586-BAS-BGS; *Richard Caruso v. California Business Bureau, et al.*, Case No. 3:16-cv-00587-WQH-JMA; *Richard Caruso v. Merchants Credit Association, et al.*, Case No. 3:16-cv-00895-BAS-ABS; *Richard Caruso v. California Recovery Bureau*, Case No. 3:16-cv-00902-BTM-DHB). In particular, Plaintiff filed two against NRA.

///

///

### A. The Initial Complaint

On March 2, 2016, Plaintiff filed a Complaint for Damages and Injunctive Relief under the TCPA, FDCPA, FCRA, CCRAA and Rosenthal Act against NRA, TransUnion, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian"), styled *Richard Caruso v. National Recovery Agency, et al.*, Case No. 3:16-cv-00534-WQH-JMA (hereinafter referred to as "1st Lawsuit"). [*See* Request for Judicial Notice (hereinafter "RJN"), No. 1.] Plaintiff served NRA with the Summons and Complaint in the 1st Lawsuit. [*See* Civil Docket, No. 6, attached as Exhibit 3 to RJN No. 3.] On August 22, 2016, Plaintiff filed a Voluntary Dismissal of the 1st Lawsuit with Prejudice. [*See* RJN No. 2.] In Plaintiff's Voluntary Dismissal with Prejudice, he states:

> Comes now, RICHARD CARUSO, Plaintiff in the above-entitled case appearing before the honorable court In Pro Se, freely and voluntarily DISMISSES the above-entitled action against ALL named defendants with prejudice. I hereby request that this case as it appliance to all named defendant *should be closed forthwith*, and dismissed immediately with prejudice.

[Exhibit 2 attached to RJN. (Emphasis in original.)]

### B. The Subsequent Complaint

On June 29, 2016, Plaintiff filed another Complaint for Damages and Injunctive Relief under the TCPA, FDCPA, FCRA, CCRAA and Rosenthal Act, but only named NRA as a defendant. Neither Transunion nor Experian are parties. These claims are the same as those asserted in the 1st Lawsuit although Plaintiff apparently never informed the Court at any time that both actions are related.

/ / /
/ / /
/ / /
/ / /

## III. ARGUMENT

### A. Legal Standard

*Federal Rule of Civil Procedure* 12(c) provides that a party may move for judgment on the pleadings "[a]fter pleadings are closed— but early enough not to delay trial." A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. It provides a vehicle for summary adjudication on the merits which "may save the parties needless and often considerable time and expense that would otherwise be incurred during discovery and trial." *Perez v. Wells Fargo & Co.,* 75 F.Supp.3d 1184, 1187 (N.D. Cal. 2014) (quoting text).

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" as a motion to dismiss under Rule 12(b)(6), except a Rule 12(c) motion is made after the answer is filed. In deciding a Rule 12(c) motion, courts apply the same standards of a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d. 1047, 1054 (9th Cir. 2011); *Erickson v. Boston Scientific Corp.*, 846 F.Supp.2d 1085, 1089 (C.D. Cal. 2011), and *Ross v. U.S. Bank Nat' l Ass'n*, 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008). As with Rule 12(b) motions, the court must assume the truthfulness of the material facts alleged in the pleadings in finding that the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient factual allegations, even if accepted as true, to state a claim that is plausible on its face. *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

As set forth herein and in the Request for Judicial Notice, NRA is entitled to judgment as a matter of law because Plaintiff is precluded from raising the same claims against NRA in this Court when he completely dismissed the 1st Lawsuit against NRA with prejudice.

/ / /

### B. Plaintiff's Action Against NRA is Barred Because He Voluntarily Dismissed the 1st Lawsuit With Prejudice

The effect of a voluntary dismissal *with prejudice* operates as an adjudication on the merits, barring further action on the same claims in the same court. *Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505, 121 S.Ct. 1021; s*ee also Goddard v. Security Title Ins. & Guarantee Co.,* 14 Cal.2d 47, 51 (1939)(stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits."). In *Semtek*, the Supreme Court interpreted a dismissal prejudice is equivalent to an "adjudication on the merits."

> We think the key to a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which in discussing the effect of voluntary dismissal by the plaintiff makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice." *Semtek, supra,* 531 U.S. at 505.

Rule 41(a)(1)(B) states as follows:

> "Unless the notice of stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

Thus, the Supreme Court reasoned that "the effect of 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California." *Semtek, supra,* 531 U.S. at 506.

///

///

///

Here, Plaintiff filed duplicate complaints against NRA asserting claims under the TCPA, FDCPA, FCRA, CCRAA and Rosenthal Act concerning the same time period, facts and Defendant. The 1st lawsuit was filed on March 2, 2016. When Plaintiff voluntarily dismissed the 1st lawsuit, he unequivocally stated in the notice that he "freely and voluntarily DISMISSES the above-entitled action against ALL named defendants with prejudice. I hereby request that this case as it appliance to all named defendant *should be closed forthwith*, and dismissed immediately with prejudice." [*See* Exhibit 2 attached to RJN.] In effect, Plaintiff's dismissal of the 1st action with prejudice thereby bars Plaintiff from pursuing the instant action for the same claims brought in the same court. As a matter of law, NRA is entitled to judgment on Plaintiff's Complaint based on the doctrines of *res judicata* and claim preclusion, and his dismissal of NRA with prejudice.

## IV. CONCLUSION

Plaintiff sued NRA once in this court and voluntarily dismissed his claims ***with prejudice***. Plaintiff is thereby precluded from pursuing his action in this Court for the same claims against NRA. In light of the foregoing, NRA respectfully requests that the Court GRANT NRA's Motion for Judgment on the Pleadings, enter judgment in favor of NRA and dismiss Plaintiff's entire action, as a matter of law.

DATED: October 20, 2016          CARLSON & MESSER LLP

By: /s/ J. Grace Felipe
Jeanne L. Zimmer
J. Grace Felipe
Attorneys for Defendant,
NRA GROUP, LLC d/b/a
NATIONAL RECOVERY
AGENCY