# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARUSO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL RECOVERY AGENCY,<br><br>　　　　　　　Defendant. | Case No. 16-cv-1679-BAS(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 15]** |

On June, 29, 2016, Plaintiff Richard Caruso, proceeding *pro se*, commenced this action against Defendant National Recovery Agency ("NRA"), alleging violations of consumer-protection and fair-debt-collection practices under state and federal laws. Defendant now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiff opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings.

# I. BACKGROUND

Plaintiff has brought two separate actions against Defendant: (1) on March 2, 2016, Plaintiff commenced *Caruso v. National Recovery Agency*, No. 16-cv-534-WQH(JMA) ("*Caruso I*"), against Defendant and two national credit reporting agencies; and (2) on June 29, 2016, Plaintiff commenced this action (or "*Caruso II*") against Defendant only.

## A. *Caruso I*

Between May 5, 2015 and March 2, 2016, Plaintiff alleged Defendant had called "more than thirty nine (39) times, many times multiple calls all in the same business day" without Plaintiff's permission and failing "to identify that they were consumer debt collectors trying to collect on a . . . debt allegedly owed to the defendant[] . . . by Plaintiff Caruso." (*Caruso I* Compl. ¶¶ 32-37.) The phone calls allegedly "caused Plaintiff Caruso's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts." (*Id.* ¶ 40.)

On March 2, 2016, Plaintiff commenced *Caruso I* against Defendant in addition to two national credit reporting agencies under the Telephone Communications Consumer Practices Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), California's Consumer Credit Reporting Agencies Act ("CCRAA"), and California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"). Plaintiff's allegations included: (1) Plaintiff had "no prior or present established relationship" with Defendant; (2) Plaintiff had "no contractual obligation to pay the defendant"; (3) there was "an ongoing almost daily campaign . . . to harass, abuse and coerce Plaintiff . . . into paying an alleged consumer debt"; and (4) violations of the previously mentioned statutes. (*Id.* ¶¶ 30-31, 38-40, 43.)

//

On August 22, 2016, Plaintiff filed a notice of "voluntary dismissal with prejudice," "freely and voluntarily DISMISS[ING]" *Caruso I* "filed against ALL named defendants with prejudice." (Def.'s Mot. Ex. 2, ECF No. 15.) Plaintiff's request for dismissal also added the request that the case be "closed . . . and dismissed immediately with prejudice." (*Id.*) The case was accordingly closed on the same day Plaintiff filed his voluntary dismissal.

### B. *Caruso II*

Between March 16, 2015 and June 29, 2016, Plaintiff alleges in the operative complaint for this case that Defendant had called "more than thirty nine (39) times, many times more than once in the same business day" without Plaintiff's permission and failed "to identify that they were consumer debt collectors trying to collect an alleged . . . debt . . . owed to the defendant[] . . . by Plaintiff Caruso." (Compl. ¶¶ 20-25.) The phone calls allegedly "caused Plaintiff Caruso's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts." (*Id.* ¶ 29.)

On June 29, 2016, Plaintiff commenced this action against only Defendant for violations of the TCPA, FDCPA, FCRA, CCRAA, and Rosenthal Act. Plaintiff's allegations include: (1) Plaintiff has "no prior or present established relationship" with Defendant; (2) Plaintiff has "no contractual obligation to pay the defendant"; (3) there was "an ongoing daily . . . campaign to harass, abuse and coerce Plaintiff into paying alleged consumer debts he does not owe"; and (4) violations of the previously mentioned statutes. (*Id.* ¶¶ 18, 19, 26-29, 32.)

Now pending before the Court is Defendant's motion for judgment on the pleadings. Plaintiff opposes.

//
//
//

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Although Rule 12(c) differs in some particulars from Rule 12(b)(6), the standard applied is virtually identical." *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993); *see also Lopez v. Regents of the Univ. of Cal.*, 5 F. Supp. 3d 1106, 1112 (9th Cir. 2013). Thus, the Ninth Circuit has held that,

> [f]or the purposes of [a Rule 12(c)] motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citations omitted).

The Ninth Circuit has also held that "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)). If both parties have had the opportunity to present material outside the pleadings relevant to the Rule 12(c) motion, the motion should be treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

## III. DISCUSSION

Defendant argues that Plaintiff's claims in this action are barred by the doctrine of res judicata because Plaintiff raised the same claims in *Caruso I*, which he "freely and voluntarily" dismissed with prejudice. (Def.'s Mot. 6-7.) In response, Plaintiff argues that this action is not barred "ONLY because he voluntarily dismissed

[*Caruso I*] with prejudice," suggesting that Plaintiff believes his dismissal was not intended to have any bearing on *Caruso II*. (Pl.'s Opp'n 11.) He bases his argument primarily on three reasons: (1) Defendant was not properly served with *Caruso I*; (2) *Caruso I* was dismissed "following the advice/instructions of the Honorable Magistrate Judge Adler"; and (3) Plaintiff "voluntarily dismissed [*Caruso I*] only, not both moving cases." (*Id.* at 7, 9.)

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue with the same party" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Labs. v. Univ. of Illinois Found.*, 402 U.S. 313, 328-29 (1971)). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* (citing *Blonder-Tongue Labs.*, 402 U.S. at 323-34).

### A. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). Two events are part of the same transactional nucleus where the claims "are related to the same set of facts and . . . they could conveniently be tried together." *W. Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

Plaintiff's factual allegations in this action are nearly identical to those asserted in *Caruso I*. For example, both complaints include allegations that Plaintiff never gave Defendant permission to call his cellular phone "more than thirty nine (39)

times, many times more than once in the same business day." (*Caruso I* Compl. ¶ 32; Compl. ¶ 20.) Similarly, Plaintiff alleged in *Caruso I* and alleges here that the phone calls—which were to and from identical phone numbers[1]—occurred "before the early morning hours of 8:00 am . . . multiple times on the very same day [and] all of which the Plaintiff has to pay for." (*Caruso I* Compl. ¶ 39; Compl. ¶ 28.) Plaintiff also contends that Defendant "violated the strict statutory guidelines . . . by engaging in conduct the natural consequences of which is [sic] to harass, oppress, or abuse the Plaintiff." (*Caruso I* Compl. ¶ 39; Compl. ¶ 27.)

One disparity between *Caruso I* and this action that warrants further discussion is the time periods Plaintiff allegedly received the unwanted phone calls. In *Caruso I*, Plaintiff alleged that the thirty-nine calls occurred between May 5, 2015 and March 2, 2016. (*Caruso I* Compl. ¶ 39.) In this action, Plaintiff alleges that the calls occurred between March 16, 2015 and June 29, 2016. (Compl. ¶ 27.) Though the two actions have slightly different date ranges associated with the alleged phone calls, the date ranges mostly overlap. Thus, Plaintiff could have or should have raised all of the claims asserted in this action in *Caruso I*, where they could have been conveniently litigated together. *See W. Radio Servs.*, 123 F.3d at 1192.

Although there are a few minor differences between the two complaints—such as the date ranges when the alleged phone calls were received and slight differences in wording—the similarities between the two actions are overwhelming, where the facts and allegations in this action are nearly identical to those in *Caruso I*. Accordingly, there is an identity of claims between *Caruso I* and this action as the two actions arose out of the same transactional nucleus of facts. *See Frank*, 216 F.3d at 851.

//

---

[1] The following numbers were listed on both complaints: (760) 877-4404, (760) 877-0400, and (760) 888-7418 for Plaintiff; and (800) 773-4503, (800) 888-4213, (800) 360-4319, (717) 540-5605 for Defendant. (*Caruso I* Compl. ¶ 37; Compl. ¶ 25.)

**B. Final Judgment on the Merits**

Under Rule 41(a), voluntary dismissals by the plaintiff are without prejudice "[u]nless the notice or stipulation states otherwise." Fed. R. Civ. P. 41(a)(1)(B). However, a voluntary dismissal with prejudice is considered a final judgment on the merits for the purposes of res judicata. *See Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir. 1985); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (suggesting dismissal "with prejudice" indicates a dismissal on the merits). Thus, by obtaining a voluntary dismissal with prejudice, "the plaintiff submits to a judgment that serves to bar his claims forever." *See Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).

On August 22, 2015, Plaintiff filed a notice of voluntary dismissal, explicitly stating that he "freely and voluntarily DISMISSE[D] the . . . action filed against ALL named defendants with prejudice." (Def.'s Mot. Ex. 2.) Plaintiff's voluntary dismissal with prejudice thus operates as an adjudication on the merits. *See Semtek*, 62 F.3d at 505. Therefore, *Caruso I* reached a final judgment on the merits for the purposes of res judicata. *See W. Radio Servs.*, 123 F.3d at 1192.

**C. Identity or Privity Between Parties**

For purposes of applying the doctrine of res judicata, "privity is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) (quoting *Sw. Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)).

Both Plaintiff and Defendant in this action were also parties in *Caruso I* in their same respective roles as plaintiff and defendant. (Def.'s Mot. Ex. 1.) Accordingly, there is an identity of parties between the *Caruso I* and this action. *See In re Schimmels*, 127 F.3d at 884.

## IV. CONCLUSION & ORDER

*Caruso I* and this action are based on the same transactional nucleus of facts with the same parties and with *Caruso I* having reached a final judgment on the merits. *See W. Radio Servs.*, 123 F.3d at 1192. Therefore, the Court **GRANTS** Defendant's motion for judgment on the pleadings (ECF No. 15) because the doctrine of res judicata bars this successive action following the voluntary dismissal of *Caruso I* with prejudice. *See id.*; Fed. R. Civ. P. 12(c).

The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

DATED: April 28, 2017

Hon. Cynthia Bashant
United States District Judge